UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SPENCER DOBBINS, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | No. 3:05cv0709 AS |
| ) | |
| EDDIE BUSS, Superintendent, ) | |
| ) | |
| Respondent ) | |

*MEMORANDUM OPINION AND ORDER*

On or about October 31, 2005, *pro se* petitioner, Spencer Dobbins, an inmate at the Indiana State Prison (ISP), Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on February 9, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on April 11, 2006, which this Court has carefully examined.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the ISP in this district. There, he is serving a 65-year sentence imposed in a state court imposed in Marion County, Indiana in 1997 which represents convictions for murder and carrying a handgun without a license. There was a direct appeal to the Supreme Court of Indiana and a decision was entered on December 27, 1999, authored by Justice Sullivan and concurred in by all of

the members of the Supreme Court of Indiana.

Certainly, there is a rebuttable presumption of correctness in that decision unless the petitioner sustains the burden to rebut the same by clear and convincing evidence. He has not done so. *See* 28 U.S.C. §2254(e)(1). Thereafter, in November 2000, this petitioner returned to the state trial court and filed for post-conviction relief which was denied in July 2004. An appeal was subsequently taken to the Court of Appeals of Indiana, and that court entered an unpublished memorandum decision on August 12, 2005, authored by Judge May and concurred in by Judges Sharpnack and Vaidik. For the immediate reference of all concerned, the memorandum decision is marked as Appendix "A", attached hereto and incorporated herein. Once again, 28 U.S.C. §2254(e)(1) applies. The Supreme Court of Indiana denied transfer on that opinion October 6, 2005.

At this point, it is necessary to again cite twin unanimous decisions by the Supreme Court of the United States on the same day which enunciate the basic respect to which state court proceedings are entitled in this context. *See Woodford v. Visciotti*, 537 U.S. 19 (2002), and *Early v. Packer*, 537 U.S. 3 (2002). *See also Bell v. Cone*, 543 U.S. 447 (2005), *reversing Cone v. Bell*, 359 F.3d 785 (6th Cir. 2004). More recently in this circuit, *see Charlton v. Davis*, 439 F.3d 369 (7th Cir. 2006).

The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997). The collateral review that is envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of

the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). What is required by the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1) is to make determinations under 28 U.S.C. § 2244(d) and *Williams v. Taylor*, 529 U.S. 362 (2000).

This court is well familiar with the demands under the Sixth Amendment of the Constitution of the United States with regard to effective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). The Supreme Court of Indiana dealt specifically with this subject in 1999 and specifically invoked *Strickland* and the progeny under Indiana law. From a *Strickland* standpoint, the Supreme Court of Indiana got it right.

This court is also well familiar with the rights enunciated in *Faretta v. California*, 422 U.S. 806 (1975) with regard to self-representation. There are a good number of preliminaries that any experienced trial judge should consider before permitting a defendant to engage in self-representation. *See Cain v. Peters*, 972 F.2d 748 (7th Cir. 1992). This court is also well aware that prosecutorial misconduct in argument and otherwise can be serious and important. *See United States v. Hasting*, 461 U.S. 499 (1983). The state trial court's jury instruction on reasonable doubt also passes constitutional muster. *See Canaan v. McBride*, 395 F.3d 376 (7th Cir. 2005). Under *Jackson v. Virginia*, 443 U.S. 307 (1979), this court again is in agreement with the Supreme Court of Indiana with regard to the sufficiency of evidence.

With regard to appellate counsel, there is a failure to meet the standards established

in *Strickland*. *See also Sanders v. Cotton*, 398 F.3d 574 (7th Cir. 2005), as well as *Lee v. Davis*, 328 F.3d 896 (7th Cir. 2003). It is extremely dangerous and unwise to second guess the tactics of defense counsel in state court criminal cases. The same can be said of appellate counsel. There is no prejudice whatsoever shown with regard to the granting of a motion for continuance, and such does not create any basis for relief under 28 U.S.C. §2254.

For all of these reasons, and after careful review of the record, the petitioner has presented no basis here for relief under 28 U.S.C. §2254. Such relief is now **DENIED. IT IS SO ORDERED**.

**DATED:** April 25, 2006

>                        S/ ALLEN SHARP
> **ALLEN SHARP, JUDGE**
> **UNITED STATES DISTRICT COURT**