UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SPENCER DOBBINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | CAUSE NO. 3:05-CV-709 AS |
| ) | |
| ED BUSS, ) | |
| ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

On May 1, 2006, Mr. Dobbins filed a Notice of Appeal which the court construes as a Motion for Certificate of Appealability ("CA"). When applying for a CA, a petitioner must make "a 'substantial showing of the denial of a federal right.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983) (quoting *Stewart v. Beto*, 454 F.2d 268, 270 n.2 (5th Cir. 1971), *cert. denied*, 406 U.S. 925 (1972)). *See also Stuart v. Gagnon*, 837 F.2d 289 (7th Cir. 1987). Congress established this requirement in order to prevent frivolous appeals from delaying a state's ability to impose sentences. *Barefoot v. Estelle*, 463 U.S. at 892. The court's discretion on whether to grant or deny a CA is the best vehicle of separating meritorious from frivolous appeals. *Id*. at 893. A petitioner is not required to show that he would prevail on the merits, but he must show that the issues presented in his habeas petition are "debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Id*. at 893 n.4 (quoting *Gordon v. Willis*, 516 F.Supp. 911, 913 (N.D.Ga. 1980)). *See also United States ex rel. Calhoun v. Pate*, 341 F.2d 885 (7th Cir.), *cert. denied*, 382 U.S. 945 (1965).

Mr. Dobbins' petition raised seven claims. The first, ineffective assistance of trial counsel,

was denied because like the state courts, this court found that his trial counsel was not ineffective under the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984).His second claim, that the trial court erred in not allowing him to represent himself, was denied because Mr. Dobbins never asserted this right. His third claim, prosecutorial misconduct based on closing argument, was denied because the state supreme court correctly and reasonably determined that the brief comment had no probable persuasive effect on the jury, especially after the jury was admonished and an instruction given.

Mr. Dobbins' fourth claim, that the jury instruction on reasonable doubt violated his due process rights, was denied because the state supreme court correctly and reasonably determined that the instruction was proper. His fifth claim, sufficiency of the evidence, was denied because again the state supreme court correctly and reasonably determined that the instruction was proper. His sixth claim, ineffective assistance of appellate counsel, was denied because of the claims that were available for review by this court Mr. Dobbins has failed to show that appellate counsel was ineffective. The state court correctly and reasonably determined that appellate counsel was not ineffective. His final claim, that the post conviction court erroneously denied his motion for a continuance, was denied because it is not cognizable for review in this court.

None of the issues presented to the court make a substantial showing of the denial of a constitutional right or present questions that are debatable among jurists of reason. *See Kraushaar v. Flanigan,* 45 F.3d. 1040 (7th Cir. 1995). Accordingly, petitioner's application for a Certificate of Appealability pursuant to Rule 22(b), Federal Rules of Appellate Procedure, is hereby **DENIED** because the petitioner has not made a substantial showing of the denial of a Constitutional right. The court advises the petitioner that pursuant to Fed. R. App. P. 22(b), where the district judge denies

a certificate of appealability, "the applicant for the writ may then request issuance of the certificate by a circuit judge."

    **IT IS SO ORDERED.**

    **DATED: May 22, 2006**

                                                      **S/ ALLEN SHARP**
                                                    **ALLEN SHARP, JUDGE**
                                                     **UNITED STATES DISTRICT COURT**